544 P.2d 230

STATE of Arizona, Appellee,

v.

Van McKinley SNYDER, Appellant.

No. 1 CA–CR 1072.

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 8, 1976.

Rehearing Denied Feb. 13, 1976.

Review Denied March 2, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Martin, Feldhacker & Friedl by William J. Friedl, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

Appellant pled no contest to the charge of committing lewd and lascivious acts upon a child under the age of fifteen years and was sentenced to not less than seven nor more than ten years in the Arizona State Prison.

On appeal, appellant raises three issues:

1. Whether the record contains a factual basis for appellant's plea.

2. Whether A.R.S. § 13–652 (1973 Supp.) is overbroad on its face and is therefore constitutionally void.

3. Whether A.R.S. § 13–652 (1973 Supp.) is void for vagueness.

As to the first issue, in spite of appellant's bold contention that "there was no evidence on the record to support the plea", the record does reveal a factual basis for the plea. At the preliminary hearing, the victim (a nine year old boy) testified that appellant performed acts of fellatio and anal copulation with him. Two other witnesses testified that they saw these acts.[1]

At the time of accepting the plea, the trial court specifically informed appellant that he had the right to go to trial. However, appellant's attorney stated that appellant felt that the evidence against him was so overwhelming that appellant should accept the plea bargain. Appellant agreed that there was sufficient evidence to convict him of the charge. Therefore, we conclude that a sufficient factual basis existed for appellant's plea and that no error is present.

For appellant's second ground of appeal, he contends that A.R.S. § 13–652 is overbroad because it could be applied to infringe on First Amendment rights protected by *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

Division 2 of this court recently held this statute to be unconstitutional because it could be applied to consenting *adults.* *State v. Callaway,* 25 Ariz.App. 267, 542 P.2d 1147 (filed November 26, 1975). Like this court in *State v. Bateman,* 25 Ariz.App. 1, 540 P.2d 732 (filed September 30, 1975), Division 2 felt it could not salvage the statute by reading the element of non-consent into the statute.

Both of these cases turned on the crucial issue of consent and both dealt with adult prosecutions. Is the issue of "consent" material when the sexual acts are performed on a minor child? We believe not. Assuming that sexual activity is within the area of protected freedoms, "the power of the state to control the conduct of children reaches beyond the scope of its authority over adults . . . ." *Prince v. Massachusetts,* 321 U.S. 158, 64 S.Ct. 438, 444, 88 L.Ed. 645 (1944).

Thus, in *Ginsberg v. New York,* 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968) the United States Supreme Court upheld the right of the State of New York to place a more restrictive right as to minors than that assured to adults to judge and determine for themselves what sex material they might read or see. Likewise, the right of the state in the area of sexual activity to regulate the wellbeing of children and protect them from potential harm is well recognized. *Cactus Corporation v. State ex rel. Murphy,* 14 Ariz.App. 38, 480 P.2d 375 (1971). Traditionally, the state has legitimately recognized that prosecution for engaging in sexual activity with a minor may occur regardless of the "consent" of the minor to such activity. A.R.S. § 13–611(B) (1973 Supp.); *Taylor v. State,* 55 Ariz. 29, 97 P.2d 927 (1940).

We therefore hold that based upon the strong interest of the state in protect-

1. The reporter's transcript of the preliminary hearing may be used to establish a factual basis for the plea. *State v. Darling,* 109 Ariz. 148, 506 P.2d 1042 (1973).

ing minors from this type of conduct, the legislature may constitutionally forbid lewd and lascivious acts with minors, regardless of the child's "consent". *See, State v. Worrey,* 322 A.2d 73 (Me. 1974); *State v. Dorsey,* 64 N.J. 428, 316 A.2d 689 (1974).

However, Division 2 of this court in *State v. Callaway, supra,* held that A.R.S. § 13–652, the statute under which the defendant was prosecuted was unconstitutional. We need not reach the issue as to whether *Callaway* is a correct statement of the law, for assuming that this statute may be unconstitutional as applied to adults, in our opinion, such alleged unconstitutional portion of the statute may be severed from the portion relating to acts performed upon children. We reach this conclusion on the following analysis. Preliminarily, we note that "the cardinal principle of statutory construction is to save and not to destroy." *Tilton v. Richardson,* 403 U.S. 672, 683, 91 S.Ct. 2091, 2098, 29 L.Ed.2d 790 (1971) (quoting *NLRB v. Jones & Laughlin Steel Corp.,* 301 U.S. 1, 30, 57 S.Ct. 615, 621, 81 L.Ed. 893 (1937) ). Declaring a validly adopted and long standing statute unconstitutional is a drastic measure and the court should do so only where clearly necessary. With this background, we turn to a consideration of the statute.

A.R.S. § 13–652 (1973 Supp.) provides:

"A person who wilfully commits, in any unnatural manner, any lewd or lascivious act upon or with the body or any part or member thereof of a male or female person, with the intent of arousing, appealing to or gratifying the lust, passion or sexual desires of either of such persons, is guilty of a felony punishable by imprisonment for not less than one nor more than five years. If such person commits the act as described in this section upon or with a child under the age of fifteen years, such person shall be punished by imprisonment in the state prison for not less than five years nor more than life without the possibility of parole until the minimum sentence has been served."

Although the offenses relating to both adults and children are contained in the same statutory section, it is not absolutely essential to severability that the constitutional and unconstitutional features be contained in separate sections. *State ex rel. Berger v. Superior Court,* 106 Ariz. 365, 476 P.2d 666 (1970). The test for determining severability has been set forth by the United States Supreme Court in *Champlin Rfg. Co. v. Corporation Commission,* 286 U.S. 210, 234, 52 S.Ct. 559, 565, 76 L. Ed. 1062 (1932) :

"The unconstitutionality of a part of an act does not necessarily defeat . . . the validity of its remaining provisions. Unless it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law."

This test was more recently confirmed in *United States v. Jackson,* 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) and *Tilton, supra.*

Our Supreme Court has announced a similar test in *McCune v. City of Phoenix,* 83 Ariz. 98, 106, 317 P.2d 537, 542 (1957) :

"We have several times announced the guide to determine whether such a separation may be made without voiding the entire statute. Generally, we have said that if the valid parts are independently effective and enforceable as law and if the valid and invalid portions are not so intimately connected as to raise the presumption that the legislature would not have enacted the one without the other and if the invalid portion was not the inducement for the passage of the entire act, the court will not disturb the constitutional portion of the act."

Applying these guidelines, we note that A. R.S. § 13–652 originally made no distinction between adults and children. A.R.S. §

13–652 (1956). However, in 1965,[2] the statute was amended to add the following provision:

"If such person commits the act as described in this section upon or with a child under the age of fifteen years, such person shall be punished by imprisonment in the state prison for not less than five years nor more than life without the possibility of parole until the minimum sentence has been served."

This amendment makes the *minimum* punishment for committing a lewd or lascivious act upon a child greater than the *maximum* punishment for a similar act with an adult. Further, the offense involving a child is contained in a separate and distinct sentence and was specifically added by the legislature to the prior law.

In addition, an analogy may be drawn to the rape statutes. Although consent is a defense where the crime involves an adult, it is not a defense where the female is under 18. A.R.S. § 13–611(B) (1973 Supp.). Because the legislature has drawn this distinction for rape, we feel it would have adopted the section relating to children independent of the section pertaining to adults.

Finally, the complaint, the information and plea agreement in the current case all specify that the appellant's acts were committed with a child under the age of fifteen.

In light of the foregoing, we hold that the valid section of the statute pertaining to children is not intimately connected to the alleged invalid section and is operative as law independent of that section. Therefore, assuming that A.R.S. § 13–652 (1973 Supp.) is invalid as to acts involving adults, we hold it valid when applied to acts involving minor children.

 Finally, appellant claims that the statute is void for vagueness. However, it has long been held that this statute prohibits the act of fellatio, *Faber v. State*, 62 Ariz. 16, 152 P.2d 671 (1944); *State v. Superior Court*, 78 Ariz. 367, 280 P.2d 691 (1955). Because appellant's acts were clearly prohibited, we do not feel that this statute is unconstitutionally vague as applied to him. See *Wainwright v. Stone*, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973); *Bateman, supra*.

Judgment affirmed.

HAIRE, C. J., and EUBANK, J., concur.

2. At the same time the legislature enacted several additional statutes dealing with sex activity with minors: (1) prescribing the penalty for committing an act of sodomy upon a child (A.R.S. § 13–651); (2) making molestation of a child a crime (A.R.S. § 13–653); (3) making loitering about a school a crime (A.R.S. § 13–992) and (4) enacting the statute as an emergency measure, Arizona Session Laws, 1965, Chapter 20. The title of the statute with regard to the provisions of A.R.S. § 13–652 was "*prescribing punishment for committing lewd and lascivious acts against a child*."