**In re Doris Jean HERRSCHER, Debtor.**

**Bankruptcy No. B–88–07650–PHX–RGM.**

United States Bankruptcy Court,
D. Arizona.

Dec. 7, 1989.

OPINION AND ORDER

ROBERT G. MOOREMAN, Chief Judge.

This matter is before the Court pursuant to the Trustee's Objection to Property Claimed Exempt. Specifically the Trustee objects to the exemption of Doris Herrscher's (debtor), Individual Retirement Account (IRA). The issue presented is whether an IRA can be claimed as exempt pursuant to Arizona Revised Statutes (A.R.S.) § 33–1126(B), in light of this Courts recent rulings in *In re Flindall,* 105 B.R. 32 (Bankr.D.Ariz.1989) and *In re Hirsch,* 98 B.R. 1 (Bankr.D.Ariz.1988), *aff'd,* by Judge Carroll in *In re Siegel,* 105 B.R. 556

(D.Ariz.1989), which held that A.R.S. § 33–1126(B) is preempted by the Employee Retirement Income Security Act (ERISA). This Court now holds A.R.S. § 33–1126(B) exemption pertaining to IRAs is not preempted by ERISA and that the non-preempted language of the statute is severable and valid.

## DISCUSSION

■ This Court's previous decisions in *In re Flindall*, 105 B.R. 32 (Bankr.D.Ariz. 1989); and *In re Hirsch*, 98 B.R. 1 (Bankr. D.Ariz.1988), *aff'd, In re Siegel*, 105 B.R. 556 (D.Ariz.1989), held that A.R.S. § 33–1126(B) was preempted by ERISA. These cases stand for the proposition that the preemptive language of ERISA, 29 U.S.C. § 1144(a), preempts all state laws that are within its scope. The issue in the instant case is whether IRAs are within the scope of ERISA's preemption clause and whether the exemption for IRAs can be severed from the preempted language or the state exemption statute.

The preemptive provision of ERISA states:

Except as provided in Subsection (b) of this section, the provisions of the subchapter and subchapter III of this chapter shall supersede any and all state laws insofar as they now or hereafter *relate to any employee benefit plan as described in section 1003(a) of this title and not exempt under section 1003(b) of this title.*

29 U.S.C. § 1144(a) (emphasis added). Pursuant to the language of this preemption section the key question is whether IRAs "relate to" employee benefit plans of the kind described in section 1003(a). Section 1003(a) provides:

[T]his subchapter shall apply to any employee benefit plan if it is established or maintained—

(1) *by any employer* engaged in commerce or in any industry or activity affecting commerce; or

(2) *by any employee organization* or organization representing employees engaged in commerce or in any industry or activity affecting commerce or

(3) by both.

29 U.S.C. § 1003(a) (emphasis added).

IRAs are designed to be self settled retirement accounts that are not maintained by an employer or an employee organization, and thus appear to fall outside the area preempted by ERISA. Additional support for this proposition comes from the federal regulations interpreting ERISA, which state:

(d) Individual Retirement Accounts. For purposes of Title I of the Act [ERISA] and this chapter, the terms "employee pension benefit plan" and "pension plan" *shall not include an individual retirement account described in section 408(a) of the Code [Internal Revenue Code of 1954],* an individual retirement annuity described in section 408(b) of the Internal Revenue Code of 1954 (hereafter "the Code") and individual retirement bond described in Section 409 of the Code.

29 C.F.R. 2510.3–2(d)(1) (emphasis added).

Two other courts have similarly held that IRAs are not preempted by ERISA. *See In re Martin*, 102 B.R. 639 (E.D.Tenn. 1989); and *In re Laxson*, 102 B.R. 85 (Bankr.N.D.Tex.1989). In *In re Martin* the bankruptcy court, in addition to the above analysis, found that the legislative history and purpose behind the enactment of ERISA, also supports the finding that IRAs should be excluded from the preemptive language. The *Martin*, Court stated:

The thrust of the Congressional findings is clear. As a result of the abuses in benefit plans covering employee-participants, Congress enacted ERISA to prescribe standards and protections for the benefit of the employee participant in employer controlled or employee organization controlled pension plans.

*Id.* at 643.

In contrast to the intent and purpose of Title I of ERISA outlined above, Title II of ERISA which provides for IRAs (codified in § 408(a) of the Internal Revenue Code, (IRC)), was enacted to "mak[e] available a special deduction for amounts set aside for retirement by employees who are not cov-

ered under a qualified plan...." House Rep. No. 807, 93 Cong., 2nd Sess., *reprinted at* 1974 U.S.Code Cong. & Admin.News at 4639, 4791. This distinction in purposes and intent of the legislature, between employer related plans and the self funded IRA also lends support for the notion that IRAs were not intended to be within the scope of the preemptive provisions of Title I of ERISA.

█ Since IRAs are not preempted by ERISA the next question is whether the non-preempted language of A.R.S. § 33–1126(B) can be severed from the preempted language relating to ERISA plans.

Arizona Revised Statutes § 1–211 sets forth the rules of construction for all Arizona Statutes. Section 1–211 provides:

(A) The rules and definitions set forth in this chapter shall be observed in the construction of the laws of the state unless such construction would be inconsistent with the manifest intent of the legislature.

(B) Statutes shall be liberally construed to effect their objects and promote justice.

A.R.S. § 1–211(A) and (B) (1956).

This section has been interpreted to mean that the invalid portions of a statute may be severed from the valid portions if the remaining statute is independently effective and gives effect to the intent of the legislature. *See McCune v. City of Phoenix*, 83 Ariz. 98, 317 P.2d 537 (1957); *State of Arizona v. Book Cellar, Inc.*, 139 Ariz. 525, 679 P.2d 548 (1984); and *State of Arizona v. Snyder*, 25 Ariz.App. 406, 544 P.2d 230 (1976).

In *McCune* the Arizona Supreme Court announced the test of severability as:

We have several times announced the guide to determine whether such a separation may be made without voiding the entire statute. Generally, we have said that if the valid parts are independently effective and enforceable as law and if the valid and invalid portions are not so intimately connected as to raise the presumption that the legislature would not have enacted the one without the other

and if the invalid portions was not the inducement for passage of the entire act, the court will not disturb the constitutional portion of the act.

*Id.* 317 P.2d at 542.

Additionally, it is not necessary, for severability, that the constitutional and unconstitutional portion be in separated statutory sections. *See State of Arizona v. Snyder*, 25 Ariz.App. 406, 544 P.2d 230, 232 (1976).

Applying this test to A.R.S. § 33–1126(B) we note that the statute provides:

(B) Any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan *which is qualified under §§ 401(a), 403(b), 408 or 409 of the United States Internal Revenue Code of 1986*, as amended, shall be exempt from any and all claims of creditors of the beneficiary or participant.

The use of the word "or" in the list of applicable IRS code sections, indicates that a retirement plan must only qualify under one of the listed IRS sections to be exempt under this statute. Thus, even before this Court held that portions of A.R.S. § 33–1126(B) was preempted, an IRA qualified *under just IRC § 408 would have been exempt*. The wording of the statute creating this independence between each exemption, designated by different sections of the Internal Revenue Code, makes it clear that the invalid portions of this statute are not so intimately connected that the legislature would not have enacted this statute without the invalid portions. Thus A.R.S. § 33–1126(B) meets the test outlined in *McCune* and the valid portions of the statute may be severed from the invalid portions, making the exemption of IRAs permissible.

Accordingly, this Court finds and concludes that IRAs are not preempted by ERISA and that the preempted portion of Arizona Revised Statutes § 33–1126(B) is severable from the valid portion.

It is accordingly ORDERED that the Trustee's objection to the claimed exemption of the debtor's IRA is overruled. Counsel for the debtor is directed to lodge

a separate form of Judgment and Order consistent herewith, within 30 days of the date of this Order.