575 So.2d 1313 (1991)
STATE of Florida, Petitioner,
v.
Steven PHILLIPS and Cory Williams, Respondents.
No. 90-2168.
District Court of Appeal of Florida, Fourth District.
February 13, 1991.
Rehearing and Certification of Question Denied April 3, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for petitioner.
Alan H. Schreiber, Public Defender, Seventeenth Judicial Circuit and Susan L. Porter, Asst. Public Defender, Fort Lauderdale, and Johnny McCray, Pompano Beach, for respondents.
WARNER, Judge.
This petition for writ of certiorari challenges the trial court's order holding unconstitutional a portion of section 800.04, Florida Statutes (1989), providing that consent is not a defense to violations of the statute prohibiting, in general, sexual acts performed on a child under the age of sixteen. The state challenges both the standing of the respondents to raise the issue and the holding of unconstitutionality.
Briefly, the respondents were charged with violation of section 800.04(2), Florida *1314 Statutes (1989), by committing an act of sexual battery (namely having sexual intercourse) upon a child of less than sixteen years of age, after a report to the police by the minor victim. The respondents filed a "Motion to Allow Presentation of a Consent Defense" claiming that section 800.04, Florida Statutes (1989), barring the consent defense violated the minor's right of privacy guaranteed by Article I, Section 23, of the Florida Constitution, and further denied respondents due process of law. The trial court granted the motion finding that respondents had standing to assert the victim's right and that the statute impermissibly interfered with the victim's right of privacy in her sexual relations.
Citing Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972), the trial court found that the respondents were vested with authority to assert the privacy interest of the minor victim in this case in her sexual relations. We disagree. In Eisenstadt, the appellee Baird, after a university lecture on contraception, gave a young woman a contraceptive product. He was subsequently arrested and then convicted of violation of a Massachusetts statute prohibiting the dissemination of contraceptives to unmarried persons. Baird challenged his conviction under the statute claiming the statute violated the rights of single persons.
In order to address the constitutional issue raised the court held that Baird had standing to assert the rights of unmarried persons. While noting that generally a litigant can only assert his own constitutional rights, the court found it appropriate to relax the rule against third party rights, just as had been done in Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), because of the special relationship between the parties. In Griswold, a physician was allowed to assert the right of privacy of his patients. In Eisenstadt, Baird was allowed to assert the interest of the single person wishing to obtain contraceptives because Baird was acting as an advocate for those persons, the court noting that the very point of Baird giving away the contraceptive was to challenge the statute. Furthermore, the Court held that the even more important inquiry is the impact of litigation on third party interests, noting that because the unmarried persons are themselves not subject to prosecution they would be denied a forum in which to assert their own rights.
This analysis does not translate to a finding of standing in this case. First, there is no special relationship between the perpetrator and the minor victim of the type found in Griswold. There is neither a relationship of confidence nor a relationship of advocacy. Remember, of course, that in Eisenstadt the very reason Baird openly violated the statute was to challenge its constitutionality. In the instant case, by no stretch of the imagination can we say that the respondents were engaging in sex with the minor victim so as to challenge the statute. While there is some evidence which respondents claim support a defense of consent, it was the victim herself who reported the sexual battery and testified against the respondents at the bond hearing. Based on the foregoing we can hardly say that the victim could be looking to the respondents to assert her right of privacy. Similarly, the impact of such litigation on third party interests, namely the right of all minors to engage in consensual sexual activity, is not vindicated in a criminal prosecution where the minor victim is maintaining a lack of consent.
Therefore, we hold that the respondents had no standing to challenge the constitutionality of section 800.04, Florida Statutes (1989), on the asserted ground of the right of sexual privacy of the minor victim. We also note that this is consistent with the holding of other courts who have addressed this issue. See Ferris v. Santa Clara County, 891 F.2d 715, 717 n. 3 (9th Cir.1989); Anderson v. State, 562 P.2d 351 (Alaska 1977). Because we hold that the respondents lacked standing to assert the minor's right to sexual privacy, we do not address the statute's constitutionality on *1315 those grounds. While respondents' motions below contained other grounds for constitutional challenge, they were not addressed by the trial court or by the parties here and we too do not address them. We, therefore, grant the petition and quash the order of the trial court.
GLICKSTEIN and POLEN, JJ., concur.