633 So.2d 518 (1994)
Abelardo GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3198.
District Court of Appeal of Florida, Fourth District.
March 9, 1994.
Rehearing and/or Clarification Denied April 7, 1994.
*519 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
KLEIN, Judge.
Defendant appeals from a conviction for violation of section 800.04(3) (statutory rape) arising out of his consensual sexual relations with his 15-year-old girlfriend. He argues that the statute, because it eliminates the defense of consent by his minor sexual partner, violates his right of privacy under the Florida constitution and that it also deprives him of due process. We conclude the statute is constitutional and affirm.
The mother of a 15-year-old discovered that defendant was having consensual sexual relations with her daughter and reported it to the police. Defendant was charged with that portion of section 800.04, Florida Statutes which provides:
Any person who:
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years;
* * * * * *
without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section. (Emphasis added)
Defendant argued below that the statutory prohibition against presenting a consent defense violated his privacy rights under the Florida Constitution. The trial court ruled that he did not have standing to assert this argument because of our opinion in State v. Phillips, 575 So.2d 1313 (Fla. 4th DCA), rev. denied, 589 So.2d 292 (1991). In Phillips we held that the defendant did not have standing to assert the minor victim's right of privacy in order to challenge the validity of the statute. Here defendant is asserting his own right to privacy in his consensual sexual relations, and to due process of law, neither of which were decided in Phillips. We agree that the defendant has standing to challenge the statute on the ground that it violates his constitutional rights.
Virtually on all fours with the present case is Jones v. State, 619 So.2d 418 (Fla. 5th DCA 1993), rev. granted. 629 So.2d 133 (Fla. 1993), in which the fifth district upheld the validity of the consent provisions of section 800.04(3) after concluding that the defendant did have standing to assert Florida's constitutional right of privacy. The fifth district concluded that the statute is constitutional, but had difficulty in reconciling its conclusion with our supreme court's decision in In re T.W., 551 So.2d 1186 (Fla. 1989), and certified the issue as one of great public importance.
In In re T.W., our supreme court held that a minor has a constitutional right to an abortion without parental knowledge or consent, based on Florida's constitutional right of privacy. The fifth district expressed its concerns that there may be no real distinction between the issues in Jones and in T.W. and expressed the hope that the supreme court's review of Jones would "result in the supreme court's modification of the apparently conflicting broad language in T.W." Jones at 421.
We think there is a significant difference between a pregnant minor who wishes to terminate her pregnancy and a minor under 16 having sexual relations. The ramifications of requiring a pregnant child to have a child are far greater, in our view, than criminalizing sexual relations with a child.
*520 In Bellotti v. Baird, 443 U.S. 622 at 642-643, 99 S.Ct. 3035 at 3047-3048, 61 L.Ed.2d 797 (1979), the United States Supreme Court explained:
The pregnant minor's options are much different from those facing a minor in other situations, such as deciding whether to marry. A minor not permitted to marry before the age of majority is required simply to postpone her decision. She and her intended spouse may preserve the opportunity for later marriage should they continue to desire it. A pregnant adolescent, however, cannot preserve for long the possibility of aborting, which effectively expires in a matter of weeks from the onset of pregnancy.
Moreover, the potentially severe detriment facing a pregnant woman, see Roe v. Wade, 410 U.S. 113 at 153, 35 L.Ed.2d 147, 93 S.Ct. 705, [at 726] is not mitigated by her minority. Indeed, considering her probable education, employment skills, financial resources, and emotional maturity, unwanted motherhood may be exceptionally burdensome for a minor. In addition, the fact of having a child brings with it adult legal responsibility, for parenthood, like attainment of the age of majority, is one of the traditional criteria for the termination of the legal disabilities of minority. In sum, there are few situations in which denying a minor the right to make an important decision will have consequences so grave and indelible.
In Jones the fifth district relied on the Bellotti Court's statement that "during the formative years of childhood and adolescence, minors often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them... ." 443 U.S. at 635, 99 S.Ct. at 3044.
As defendant points out, the state must demonstrate a "compelling state interest" in order to impinge on his constitutional right of privacy. In re T.W., 551 So.2d at 1193. We conclude that the reasons expressed by Judge Harris in the majority opinion in Jones, along with those added by Judge Sharpe in her specially concurring opinion, demonstrate that a compelling interest exists for protecting children by regulating the sexual activity of children under 16. We see no need to repeat those reasons here, but would add that what we have learned about the dangers of unprotected sexual activity in the last decade is all the more reason to regulate the sexual activity of our youth. We therefore conclude that the statute does not violate Florida's constitutional right of privacy.
In Anderson v. State, 562 P.2d 351 (Alaska 1977), the defendant challenged Alaska's statutory rape law under Alaska's constitutional right of privacy, which is comparable to Florida's constitutional right of privacy. The Alaska Supreme Court upheld the statute on the basis that the state's interest in the well-being of its children justifies the state in exercising more control over the sexual conduct of children than adults. See also, Ferris v. Santa Clara County, 891 F.2d 715 (9th Cir.1989), in which the California statutory rape statute, which is similar to ours, was held constitutional.
Defendant also argues that the statute denies him due process, because the statute establishes a conclusive presumption that a minor cannot consent. A conclusive presumption establishing an element of a crime can violate due process because it relieves the state of its burden of proof. Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).
A somewhat similar issue was involved in State v. Rolle, 560 So.2d 1154 (Fla. 1990), with regard to the fact that section 316.193, Florida Statutes (1990) allows conviction for driving under the influence based on proof of a blood-alcohol level of 0.10% as an alternative to proof of impairment. As our supreme court pointed out, such a provision is not an unconstitutional presumption, but rather an element of the offense. The same rationale can be applied here. The statutorily prohibited sexual activity with a minor (consensual or not) is simply an element of the crime. We thus conclude that the elimination of a consent defense does not deny due process.
Affirmed.
DELL, C.J., and ANSTEAD, J., concur.