617 P.2d 525

STATE of Arizona, Appellee,

v.

Pedro ALAFFA, Jr., Appellant.

No. 4906.

Supreme Court of Arizona,
En Banc.

Sept. 10, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Peter A. Guerrero, Phoenix, for appellant.

HAYS, Justice.

Defendant–appellant, Pedro Alaffa, Jr., appeals from his conviction on one count of first degree murder. Taking jurisdiction pursuant to A.R.S. § 13–4031, we affirm.

On October 24, 1978, a petition alleging the delinquency of appellant was filed in Maricopa County Superior Court, Juvenile Division. Appellant was accused of murder in the first degree, armed robbery and solicitation of a felony. Although appellant was only 16½ years of age at the filing, the County Attorney sought transfer of the prosecution to the adult division of the Superior Court pursuant to 17A A.R.S. Juv.Ct. Rules of Proc., rule 12. It is the conduct of the transfer hearing which is the sole issue on appeal.

The sole witness to testify at the proceedings was called by the State. Appellant's probation officer testified that, based upon several interviews with the accused, appellant was not amenable to rehabilitation through available juvenile facilities and, therefore, recommended prosecution as an adult. Although counsel for appellant thoroughly cross–examined the probation officer, he presented no affirmative evidence on the issue of the likelihood of successful treatment within the juvenile system.

After reciprocal closing argument, appellant was ordered transferred for prosecution as an adult. No appellate review of the order was requested.

Indicted on three separate charges in the adult division, appellant moved for, and was granted, a substitution of counsel. All subsequent appellate challenges to the transfer order being unsuccessful, appellant waived a trial by jury and agreed to submit Count I, the charge of homicide, for determination by the court. Appellant was thereupon adjudged guilty as charged and was sentenced to imprisonment for life without possibility of parole for 25 years.

On appeal, appellant attacks the conviction by renewing his challenge to the underlying transfer order. Based upon an allegedly ill–prepared and poorly presented defense by his original attorney, appellant alleges a representation so inadequate as to have denied him his Constitutionally–guaranteed right to effective assistance of counsel. We do not agree.

For many years it has been the law in Arizona that an allegation of ineffective assistance of counsel will succeed only upon a showing that the proceedings were thereby rendered a sham or mockery of justice. *State v. Dippre*, 121 Ariz. 596, 592 P.2d 1252 (1979); *State v. Kruchten*, 101 Ariz. 186, 417 P.2d 510 (1966), *cert. denied*, 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967). Appellant initially invites this court to abandon the test of advocate competency and replace it with a "reasonably effective assistance of counsel" standard. We find the circumstances of the case at bar, however, analogous to those in *State v. Williams*, 122 Ariz. 146, 152, 593 P.2d 896, 902 (1979), where we noted:

> [I]t may be that this Court should reconsider the standard originally adopted in *State v. Kruchten, supra*, but we need not decide this issue now. We conclude that the performance of [defendant's] attorneys did not fail to meet any of the suggested standards.

Similarly, in the cause *sub judice*, the representation of initial counsel must pass judicial examination pursuant to either of the relevant criteria. Challenged counsel interviewed the testifying probation officer prior to the hearing. His cross–examination of the witness was thorough and established several issues favorable to appellant's cause. He successfully objected to evidence offered by the State and conducted vigorous closing argument. Although no expert was presented to attest to appellant's amen-

ability to treatment within the juvenile system, we note that the challenged attorney did cause appellant to be psychologically examined; however, he elected not to utilize the unfavorable results.

In our opinion, these facts do not suggest a lack of preparation or experience and are sufficient to distinguish the instant appeal from *State v. Lopez*, 3 Ariz.App. 200, 412 P.2d 882 (1966), relied upon by appellant. We therefore find no error.

Pursuant to the mandate of A.R.S. § 13–4035, we have searched the record for fundamental error and have found none.

The judgment of conviction and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.