660 P.2d 858

**STATE of Arizona, Appellee,**

v.

**Fernando NUNEZ, Appellant.**

**No. 2435–4–PC.**

Supreme Court of Arizona,
En Banc.

March 1, 1983.

David S. Ellsworth, Yuma County Atty., by Tim Holtzen, Deputy County Atty., Yuma, for appellee.

John Foreman, Phoenix, for appellant.

HOLOHAN, Chief Justice.

The petitioner, Fernando Nunez, was convicted in 1971 of second degree murder and assault with a deadly weapon. His conviction was affirmed by this court in *State v. Nunez,* 109 Ariz. 408, 510 P.2d 380 (1973). In July 1982 petitioner, through counsel, filed in the superior court a petition for post conviction relief pursuant to Rule 32, Rules of Criminal Procedure, 17 A.R.S. The superior court held a hearing on the petition and denied relief. The petitioner filed a petition for review.

We have reviewed the record in light of the issues raised by petitioner. We find that the findings of the trial court are supported by the evidence; therefore, the petitioner is not entitled to relief.

We accepted review of this petition for the sole purpose of considering petitioner's claim that the standard for legal representation in criminal cases, set forth in *State v. Watson,* 134 Ariz. 1, 653 P.2d 351 (1982), should be applied retroactively.

The trial judge found that the legal representation furnished petitioner did not render the proceeding a "sham or mockery of justice" and the representation satisfied the "reasonably effective assistance of counsel" test. See *State v. Alaffa,* 126 Ariz. 573, 617 P.2d 525 (1980). Counsel for petitioner, however, maintains that the trial court should have applied the minimal competence test of *State v. Watson, supra.*

Prior to *Watson* the test for judging ineffective assistance of counsel was whether the representation rendered the proceedings

a sham or mockery of justice. In *Watson* we adopted a different standard to measure legal representation in criminal cases. We now hold that the standard announced in *Watson* is prospective in application. The new standard shall be applied to cases tried after October 18, 1982, as well as to cases pending on appeal as of that date.

The findings of the trial judge are affirmed, and relief is denied.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.