669 P.2d 592

**STATE of Arizona, Appellee,**

v.

**Roland Dale LeMASTER, Appellant.**

**No. 1 CA–CR 5881.**

Court of Appeals of Arizona, Division 1, Department D.

April 12, 1983.

Rehearing Denied June 2, 1983.

Review Denied Sept. 9, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div. and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Aspey, Watkins & Diesel by Harold L. Watkins, Flagstaff, for appellant.

## OPINION

HAIRE, Presiding Judge.

Following a trial by jury, appellant was found guilty of two counts of aggravated assault while armed with a dangerous instrument and one count of theft with a prior conviction. The trial court sentenced appellant to serve concurrent aggravated terms of 15 years each for the assault convictions, and 8 years for the theft conviction. Appellant timely filed a notice of appeal raising the following issues for our consideration:

(1) whether the trial court's refusal to grant appellant's motion for a continuance and ordering the trial to proceed in appellant's absence constituted error;

(2) whether the trial court erred by instructing the jury that the individual jurors would be allowed to ask questions of each witness;

(3) whether the trial court erred by refusing to grant appellant's motion for a judgment of acquittal pursuant to Rule 20, Rules of Criminal Procedure, 17 A.R.S., on a charge of kidnapping with intent to inflict sexual assault;

(4) whether the trial court abused its discretion by finding certain aggravating factors to be true and in using them to aggravate appellant's sentence pursuant to A.R.S. § 13–702;

(5) whether the trial court erred in admitting certain documentary evidence to establish the allegation of a prior conviction; and

(6) whether the trial court erred by finding that appellant's prior conviction in Oklahoma was the equivalent of a felony in Arizona.

The evidence introduced at trial revealed that the two female victims, who were from New Zealand, were traveling through this country. They met appellant in a cafe in Gallup, New Mexico, when appellant introduced himself to them and offered them a ride to Flagstaff, Arizona. The incidents which led to the filing of the charges against appellant occurred in Flagstaff. Appellant took the victims to an isolated area and at knifepoint demanded that they remove their clothes and perform cunnilingus upon each other. After partially undressing, the victims were able to escape. Appellant fled in his vehicle, taking all of the victims' personal belongings, including an expensive camera. He was subsequently apprehended on that same day and most of the victims' property was recovered.

Based on these incidents, appellant was charged with two counts of aggravated assault while armed with a dangerous instru-

ment, one count of kidnapping with intent to inflict a sexual assault, and one count of theft. The state also filed an allegation of a prior conviction. When appellant failed to appear at trial, defense counsel requested a continuance on the grounds that appellant had indicated that he wanted to be present at trial and that defense counsel had not been able to prepare for trial because of appellant's absence. The trial court denied the motion for continuance and proceeded to trial.

The jury found appellant guilty of both counts of aggravated assault, a dangerous nature felony, and theft of property valued between $100 and $1,000. Appellant was found not guilty of kidnapping with intent to inflict a sexual offense. Following trial on the allegation of the prior conviction, the jury found the allegation to be true. Additional procedural and factual detail will be set forth in our discussion of the issues raised by appellant in this appeal.

## CONTINUANCE

■ Appellant urges that he was denied his right to be present at trial, to cross-examine the witnesses against him, and to present evidence in his own behalf by the trial court's denial of his motion to continue the proceedings.[1] He urges that the trial court abused its discretion by inferring pursuant to Rule 9.1, Rules of Criminal Procedure, 17 A.R.S., that his absence from trial was voluntary.

In denying the motion for continuance, the trial court noted that when appellant was released on his own recognizance he was advised of the terms and conditions of release and informed that he would be tried *in absentia* if he were not present for trial. The record also reveals that appellant's counsel advised him of the trial date. We find that the trial court did not err in inferring pursuant to Rule 9.1 that appellant's absence was voluntary. *See State v. Tacon,* 107 Ariz. 353, 488 P.2d 973 (1971), *cert. dismissed,* 410 U.S. 351, 93 S.Ct. 998,

1. Appellant was absent from both the trial and sentencing proceedings, and from the record it does not appear that he has subsequently been apprehended.

35 L.Ed.2d 346 (1973); *State v. Pena*, 25 Ariz.App. 80, 541 P.2d 406 (1975). Since it is clear that appellant had not informed his attorney of his whereabouts, and his attorney had no reason to believe that appellant would appear for a later trial, there was no abuse of discretion by the trial court in denying appellant's motion for continuance.

## QUESTIONING OF WITNESSES BY JURORS

Before the presentation of any evidence, the trial judge instructed the jury as follows:

"Something I'll let you do is this: Ask questions of the witness. Now, it doesn't happen very often; but it is permissible under our rules and I like it. I have been doing it now for several months, and I think it really is a very useful tool. Usually the lawyers are very careful and they'll ask the questions that really get out the essential information that you need to have; but sometimes there will be some lingering doubt in your mind or maybe you won't quite have heard something, you want it explained a little and we'll give you the chance to do that. The way we'll do it is this: After each witness has finished his testimony, we'll take a recess and ask the witness to wait around. You will go into the jury room and take your note pads with you; and if you have a question that you'd like to ask, don't discuss it among yourselves. In other words, this has to be private. Write it out and hand it to the Bailiff. She will bring me all of the questions that the jurors have for a particular witness and I'll go over them with the attorneys. From time to time we'll decide that there are certain questions that we cannot ask under the rules of law; but generally we can ask them. Sometimes I'll edit them a little bit just to make it an easier question, and then we'll all come back into the Courtroom and I'll put your questions to the witness, so keep that in mind. This is a very useful thing for you in getting all of the facts that are important in a case."

The trial proceeded in accordance with this preliminary instruction, and a recess was taken after the completion of counsel's examination of each witness. The jurors submitted questions to the court for all witnesses except three. The court determined the acceptability of each question after discussion with counsel in chambers, and those questions found acceptable were directed to the witness by the court.

On appeal, appellant does not claim that any specific question resulted in prejudice to him, but rather contends that the entire procedure was improper and constituted reversible error. He urges that by instructing and inviting the jurors to ask questions, the court interjected the jury into the adversary system and jeopardized its position as a fair and impartial arbiter of evidence brought before it by the appropriate officers of the court. Appellant further urges that the provisions of Rule 614(b), Rules of Evidence, 17A A.R.S., expressly authorizing the interrogation of witnesses by the trial judge, implicitly negate the trial judge's authority to elicit questions from the jurors. He argues that a juror allowed to be an interrogator "will develop a line [of] questioning which predisposes that juror towards a particular finding of guilt or innocence and once committed to that role as an 'advocate' could well find it impossible to retreat once again to the position of a neutral arbiter."

Neither appellant nor the state cites authority addressing the issue of the propriety of jurors asking questions during the course of trial. However, we note that this court addressed the issue in *State v. Taylor*, 25 Ariz.App. 497, 544 P.2d 714 (1976). In that case, the trial court preliminarily instructed the jury to refrain from asking questions of the witnesses. On appeal, the defendant argued that the instruction in effect denied him his constitutional right to a trial by a fair and impartial jury as provided by Arizona Constitution, art. 2, § 24. This court cited the general rule that the questioning of witnesses by jurors is left to the discretion of the trial court and appellate courts will not reverse unless there is a clear abuse

of that discretion. We pointed out, however, the inherent dangers of allowing unrestrained questioning of witnesses by jurors, including disruption of trial, mistrials and reversals on appeal as a result of prejudicial questions. On the other hand, we noted that a well-informed juror serves the cause of justice. We concluded that the trial court should control direct questions to the witnesses by the jury but that jurors should be given the opportunity to raise questions or problems they may have to the court. We recommended that the court instruct the jurors that if they had questions or matters they wanted brought to the court's attention they should advise the bailiff or the judge. The trial court, on receipt of such a question should notify counsel and discuss the question outside the presence of the jury to determine the proper method for dealing with specific questions or problems raised by the juror.

Although the propriety of allowing juror questioning of witnesses has been addressed in many jurisdictions,[2] we have not found any cases in which the trial court so affirmatively elicited juror participation to the extent done in this case. On the other hand, we have not found any case in which reversal has been based on juror questioning in the absence of a showing of prejudice to the defendant. Most courts conclude, as this court did in *State v. Taylor, supra,* that the submission of jurors' questions to a witness is left to the sound discretion of the trial court and will not constitute a basis for reversal unless there is an abuse of discretion.

■■■ We reject appellant's argument that Rule 614(b)[3] implicitly precludes the procedure utilized by the trial judge in this case. Rather, since that rule specifically authorizes the trial judge to interrogate a witness, we hold that he does not abuse his discretion in inviting the assistance of the jury to determine what questions he should

ask. Here there has been no showing of prejudice so as to justify a finding of reversible error.

■■■ We conclude, however, that when the trial court invites and encourages the jury to participate in the questioning of witnesses, as the trial court did in this case, certain guidelines must be followed. First, the trial court should instruct the jury before any witness has testified that the jury will be permitted to present questions to the court to be asked of any witness for the purpose of clarifying the testimony of that witness. Although cumbersome and time consuming, the trial court may declare a recess or arrange a suitable time period for the submission of questions after the testimony of each witness. In that event, the jurors must be advised that they are not to discuss the case among themselves, but rather, each juror must decide independently any question he or she may have for a witness. The questions should then be given to the bailiff for submission to the court. The court should further advise the jury that it will determine whether the questions may be asked and that the court, itself, will question the witness. The court must review the questions with counsel, give counsel an opportunity to object on the record out of the presence of the jury, and rule on the objections before proceeding. If the question is irrelevant or clearly improper and prejudicial to the rights of either party, the question should not be asked. *See State v. Martinez,* 7 Utah 2d 387, 326 P.2d 102 (1958) (Worthen, J., concurring). Finally, after the witness's answers have been given, counsel should be afforded an opportunity to direct further questions to the witness on the subjects raised by the juror question and the witness's answers.

Because of the inherent risks in the practice of allowing jurors to pose questions to the witnesses, and the particular danger that a juror will not remain fair and impar-

---

**2.** *See Cheeks v. State,* 266 Ind. 190, 361 N.E.2d 906 (1977); *Lucas v. State,* 381 So.2d 140 (Miss.1980); *Raynor v. State,* 1 Tenn.Cr.App. 556, 447 S.W.2d 391 (1969); Annot., 31 A.L. R.3d 872 (1970).

**3.** Rule 614(b) reads as follows:

"(b) Interrogation by court. The court may interrogate witnesses, whether called by itself or by a party."

tial, we hesitate to condone the court's encouraging jurors to question witnesses to the extent presented in this appeal. Nevertheless, we also believe that the interests of justice demand that jurors be well-informed with an opportunity to clarify matters they either did not hear or did not comprehend. We have been unable to find any reversal as a matter of policy because of the questioning of a witness, even directly by a juror, where the question posed was not prejudicial to the rights of a party. Our review of the record reveals that none of the questions posed in this case were prejudicial, and indeed, a few of the questions were directly relevant and helpful in clarifying the issues. We also note that the preliminary instruction in this case, informing the jurors that they would have an opportunity to present questions for the witnesses, lessened the chance that a juror might "blurt out" potentially objectionable questions in open court.

■ Under these circumstances, where the questioning was scrupulously controlled by the trial court, where counsel had an opportunity to object to the questions out of the presence of the jury, and where none of the questions posed reflected bias or prejudice on the part of the juror, we find that the trial court did not abuse its discretion by preliminarily instructing the jurors that they would be allowed to question the witnesses.

## JUDGMENT OF ACQUITTAL

■ For his third issue, appellant argues that the trial court erred by refusing to grant his motion for a judgment of acquittal pursuant to Rule 20, Rules of Criminal Procedure, 17 A.R.S., on the charge of kidnapping with the intent to inflict sexual assault. The jury acquitted the defendant of this charge. Therefore there is no necessity to consider this issue on appeal. *See State v. Linden,* 136 Ariz. 129, 664 P.2d 673 (Consolidated) (1983).

## AGGRAVATION

For his next issue on appeal, appellant argues that the trial court inappropriately used several factors as aggravating circumstances to enhance punishment. Appellant contends that the trial court improperly found the need for deterrence as an aggravating factor because the need for deterrence has been addressed by the legislature in establishing the terms of sentence. Appellant also contends that the use of his prior felony conviction as an aggravating factor resulted in double punishment because the conviction had been previously used to enhance punishment pursuant to A.R.S. § 13–604. In the same regard, he argues that the finding that the crimes were committed while on parole as an aggravating factor allowed the court to use his prior conviction for a third time to enhance punishment. He also asserts, in essence, that the trial court abused its discretion in finding that appellant had a bad attitude because the reasons for appellant's absence from trial and sentencing were not established. He maintains that if he has the right to waive his appearance at trial, his absence at trial should not have been used as an aggravating circumstance against him.

■ The trial court has broad discretion in sentencing, and an abuse of that discretion will not be found absent a decision characterized by arbitrariness or capriciousness or by a failure to conduct an adequate investigation into the facts relevant to sentencing. *State v. Gordon,* 125 Ariz. 425, 428, 610 P.2d 59, 62 (1980). The trial court should consider not only the offenses charged, but also the past conduct and moral character of the defendant so that the punishment may fit both the offense and the offender. *State v. Miller,* 120 Ariz. 224, 228, 585 P.2d 244, 248 (1978). The cooperative attitude or lack of one is an appropriate factor in sentencing. *See State v. Scrivner,* 125 Ariz. 508, 510–11, 611 P.2d 95, 97–98 (App.1979). Finally, it is appropriate for the trial court to consider the objectives of sentencing, namely, retribution, restraint, deterrence and rehabilitation. *Id.*

A.R.S. § 13–702(D)(10)[4] provides that in imposing an aggravated sentence, the court shall consider any factors which it "may deem appropriate to the ends of justice." The need for deterrence may vary among offenders, and is greater certainly in those instances where a particular defendant has a substantial criminal background. The trial court should specifically consider the need for deterrence in imposing sentence. *State v. Scrivner, supra.* In light of the past criminal history and character of appellant, the trial court did not err in considering the need for deterrence as an aggravating factor.

We also conclude that the trial court did not err in using appellant's prior felony conviction and the fact that he was on parole from that conviction when he committed these offenses as aggravating circumstances. Double jeopardy or double punishment principles do not preclude the trial court from using the prior conviction to impose an enhanced sentence under the recidivist statute, A.R.S. § 13–604, and to find aggravating circumstances under A.R.S. § 13–702. *State v. Martinez,* 130 Ariz. 80, 81, 634 P.2d 7, 8 (App.1981); *cf. State v. Bly,* 127 Ariz. 370, 621 P.2d 279 (1980) (court could consider use of deadly weapon to enhance sentence under § 13–604 and to find aggravation under § 13–702). We further conclude that the trial court could use defendant's bad attitude, manifested in part by his failure to appear for trial and for sentencing, as an aggravating factor. Although a defendant may waive his presence at trial, the record is clear in this case that he absented himself from the proceedings in order to avoid prosecution and punishment. We find that the trial court did not err in imposing aggravated sentences.

## PROOF OF THE PRIOR CONVICTION

Appellant presents two issues regarding the prior conviction involved in this case. First he asserts that the trial court erred in admitting exhibit 11 as proof of the prior conviction. Exhibit 11 is a six-page packet of documents reflecting appellant's prior conviction in Oklahoma. Appellant contends that this exhibit was not properly authenticated. We have reviewed exhibit 11 and find that appellant's contentions are without merit.

Rule 902(4), Rules of Evidence, 17A A.R.S., makes admissible, without further evidence of authenticity, certified copies of public records. The rule provides:

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

\* \* \* \* \* \*

"(4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with Paragraph (1), (2), or (3) of this rule or complying with any applicable statute or rule."

The exhibit in this case reveals that the acting director of records of the Oklahoma Department of Corrections, which had jurisdiction over the penal institutions of Oklahoma, had in his custody the original files and records of persons committed to the Department of Corrections. He certified that the attached photograph, fingerprint card, and commitment were correct copies of the original records of the appellant committed to the Department of Corrections. Attached to this statement is a certificate from the Office of the Secretary of State of Oklahoma certifying both the authority and signature of the acting director of records.

Rule 902(2), Rules of Evidence, 17A A.R.S. provides for self-authentication of a public document not under seal when the public document bears the signature "in his official capacity of an officer or employee" of any state "if a public officer having a seal and having official duties [in the state]

4. Formerly A.R.S. § 13–702(D)(9).

of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine." It is therefore clear that exhibit 11 was properly self-authenticated pursuant to Rule 902(2).

Appellant's second contention concerning the prior conviction is that the trial court improperly designated the prior conviction for larceny of a motor vehicle as a felony. The Oklahoma judgment indicates that appellant was sentenced to serve a term of three years in the Oklahoma State Department of Corrections for the conviction of larceny of a motor vehicle and that the sentence was suspended for 18 months for release on probation. The trial court found that the sentence imposed was in excess of one year and found that the prior conviction constituted a felony.

A.R.S. § 13–604(I) provides:

"A person who has been convicted in any court outside the jurisdiction of this state of an offense which if committed within this state would be punishable as a felony or misdemeanor is subject to the provisions of this section. . . ."

A.R.S. § 13–1802(C) makes theft of property valued at $1,000 or more a class three felony; theft of property valued at $500 or more but less than $1,000, a class four felony; theft of property valued at $250 or more but less than $500, a class five felony; theft of property valued at $100 or more but less than $250, a class six felony; and theft of property valued at less than $100, a class one misdemeanor, unless such property is a motor vehicle, in which case the theft which would otherwise be a misdemeanor is a class six felony. Therefore, in all events, theft of a motor vehicle is a felony in Arizona. The trial court properly found appellant's Oklahoma conviction to be a felony for purposes of A.R.S. § 13–604. Further, the question as to whether an out-of-state conviction would constitute a felony or a misdemeanor in Arizona is a question of law, which must be decided by the trial court. *State v. Smith,* 126 Ariz. 534, 617 P.2d 42 (App.1980). We conclude that the trial court did not err by admitting the state's exhibit 11 and by finding that appel-

lant's prior conviction was for an offense which, if committed in Arizona, would have been a felony.

## STATE'S ARGUMENT WITH REGARD TO SENTENCING

Without filing either a notice of appeal or a notice of cross-appeal, and without alleging error at the time of sentencing, the state asserts that this case must be remanded for resentencing because the trial court was mistaken as to the possible maximum sentence. As a repetitive and dangerous offender, appellant faced a maximum sentence on the aggravated assault charges of 20 years, rather than 15. The trial court indicated its intention to impose the maximum sentence, but sentenced appellant to a term of 15 years. The state argues, therefore, that we must remand this case for resentencing because the trial court did not consider the dangerous nature of the aggravated assaults pursuant to A.R.S. § 13–604(G).

A.R.S. § 13–4031 provides for the state's right to appeal. The statute provides in pertinent part:

"The state, . . . may appeal as prescribed by law and in the manner provided by the rules of criminal procedure . . . ."

A.R.S. § 13–4032(6) provides that the state may appeal from "[a] sentence on the grounds that it is illegal, or if the sentence imposed is other than the presumptive sentence authorized by § 13–604 or 13–701." The right to appeal exists only by statute, and to exercise that right, a party must bring himself within the conditions prescribed by the statute. *State v. Vallejos,* 87 Ariz. 119, 122, 348 P.2d 554, 556 (1960). Since the state has failed to appeal in accordance with the provisions of Rule 31.2, Rules of Criminal Procedure, 17 A.R.S., it has not appealed pursuant to the appropriate statute. Thus, we find that the question raised by the state is not properly before this court at this time.

For the foregoing reasons, the judgments and sentences are affirmed.

EUBANK and MEYERSON, JJ., concur.

## SUPPLEMENTAL OPINION

HAIRE, Presiding Judge.

On April 12, 1983, this court filed its opinion affirming appellant's conviction and sentence. *See State v. LeMaster,* 137 Ariz. 159, 669 P.2d 592 (App.1983). Thereafter appellant timely filed a motion for rehearing. While this court was considering appellant's motion, the Arizona Supreme Court issued its opinion in *State v. Fettis,* 136 Ariz. 58, 664 P.2d 208 (1983), holding that in the absence of extraordinary circumstances, sentence may not be imposed on a convicted defendant *in absentia.* We note that appellant was sentenced *in absentia* and that the record does not disclose any "extraordinary circumstances" as that term is used in *Fettis.*

The supreme court has indicated that *Fettis* will have prospective application only. A review of Arizona cases suggests confusion in interpreting the term "prospective application." The supreme court has stated that a decision is to be applied prospectively and then has refused to apply the decision to cases pending on appeal. *See, e.g., State v. Stenrud,* 113 Ariz. 327, 329, 553 P.2d 1201, 1203 (1976); *State v. Taylor,* 109 Ariz. 140, 142, 506 P.2d 1034, 1036 (1973). In cases dealing with use of post-hypnotic testimony, the court has held a decision to be prospective and applicable to some pending appeals, but announced a different standard for other appeals. *See State ex rel. Collins v. Superior Court,* 132 Ariz. 180, 190, 644 P.2d 1266, 1276 (1982). More recently, the court has indicated that prospective application of a decision means that a decision applies to cases tried after the date of filing as well as to cases pending on appeal as of that date. *See State v. Nunez,* 135 Ariz. 257, 660 P.2d 858, 859 (1983). This latter interpretation is consistent with the general rule that when there is a change of law by judicial decision between the time of trial and the time of appeal the appellate court will apply the law prevailing at the time of the appellate disposition. *Arnold v. Knettle,* 10 Ariz.App. 509, 511, 460 P.2d 45, 47 (1969).

 We conclude that we are compelled to follow the latest interpretation of "prospective application" enunciated in *Nunez.* We therefore hold that *Fettis* precludes sentencing a defendant *in absentia* except in extraordinary circumstances in all cases pending on appeal as of April 28, 1983, the date on which the supreme court filed *Fettis.* Because on that date we had not yet ruled on appellant's motion for rehearing, this case had not become final. Applying the law as announced in *Fettis* to this case, we are required to vacate appellant's sentence.

The motion for rehearing is denied; the judgment of conviction is affirmed; and the sentence imposed is vacated. The cause is remanded to the trial court for resentencing at such time as the appellant is present before the sentencing judge.

EUBANK and MEYERSON, JJ., concur.