139 Ariz. 95 (1984)
676 P.2d 1153
The STATE of Arizona, Appellee,
v.
James Ronald SWAINSTON, Appellant.
No. 2 CA-CR 3100.
Court of Appeals of Arizona, Division 2.
January 27, 1984.
Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.
David M. Roer, Coolidge, for appellant.
OPINION
BIRDSALL, Chief Judge.
Appellant was present for his trial where he was convicted of aggravated assault, *96 criminal damage and driving while under the influence of intoxicating liquor. He was sentenced in absentia to 1.5 years imprisonment on the aggravated assault conviction, seven days in the Pinal County Jail for the criminal damage conviction (with credit given for seven days previously served) and seven days in the Pinal County Jail for the driving while intoxicated conviction (with credit for seven days previously served). He was further ordered to surrender his driver's license for 90 days and to pay a $250 fine.
While this appeal was pending, the Arizona Supreme Court issued its opinion in State v. Fettis, 136 Ariz. 58, 664 P.2d 208 (1983), holding that in the absence of extraordinary circumstances, a sentence may not be imposed on a convicted defendant in absentia. The court further held that its decision should have "prospective application" only. Although the Arizona cases construing the meaning of "prospective application" have produced inconsistent results, the supreme court has recently indicated that prospective application means that a decision applies to cases on appeal on the date the decision is rendered as well as to cases tried after that date. State v. Nunez, 135 Ariz. 257, 660 P.2d 858 (1983). On the basis of Nunez, Division One of this court has held that Fettis applies to cases pending on appeal on April 28, 1983, the date the decision was handed down. State v. LeMaster, 137 Ariz. 159, 669 P.2d 592 (1983). Inasmuch as this appeal was pending on the date of the supreme court's decision, and in the absence in the record of any extraordinary circumstances, we concur that Fettis requires us to vacate appellant's sentence.
With regard to his convictions, appellant contends that A.R.S. § 13-109(B)(5) is unconstitutional and the court's reliance on that section in denying the appellant's motion to sever amounts to reversible error.
The facts giving rise to the driving while intoxicated count occurred in Maricopa County, while the other two offenses occurred in Pinal County. Appellant was observed driving erratically in the parking lot of a restaurant located in Maricopa County, approximately one-half mile from the Pinal-Maricopa county line. Appellant was arrested and transported to a jail substation in Apache Junction in Pinal County where the assault and criminal damage occurred. The appellant was brought to trial on all three charges in Pinal County. Appellant moved to sever, claiming that under the Arizona Constitution, Art. 2, § 24, he had the right to a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed. The motion was denied because the court believed that A.R.S. § 13-109(B)(5) allowed the state to try the DWI charge in Pinal County. That statute reads:
"If an offense is committed on the boundary of two or more counties, or within one mile of such boundary, trial of the offense may be held in any of the counties concerned...."
We first note the well-cited rule that declaring a validly adopted and long-standing statute unconstitutional is a drastic measure, and the court should do so only where clearly necessary. The principle of statutory construction is to save and not to destroy. State v. Snyder, 25 Ariz. App. 406, 544 P.2d 230 (1976). The purpose of the statute is detailed in State v. Lehman, 130 Or. 132, 279 P. 283 (1929), and the reasoning is applicable here:
"No doubt the object of the statute was to relieve the state, in the prosecution of criminal actions, of the embarrassment and difficulty of establishing the situs of the crime when committed on or within a short distance of the boundary line between counties. To prevent miscarriage of justice and to aid in the administration of the criminal law, the legislature, in the exercise of its sovereign power, gave concurrent jurisdiction to either of two or more counties where the crime was committed on or within a specified distance from the boundary line. We think the boundaries of a county, for the purpose of criminal jurisdiction, may be controlled and determined by the legislature. Certainly, there is no constitutional restriction *97 against it. The boundaries of a county for judicial purposes need not necessarily be coextensive with the county boundaries for other purposes.
* * * * * *
In 16 C.J. it is said: `While there are some cases to the contrary, the weight of authority is that these statutes do not deprive accused of the constitutional right to a trial by an impartial jury of the county where the offense was committed.'
In 1 Brill's Cyclopedia of Criminal Law, § 290, it is stated:
`Statutory provisions, giving adjoining counties concurrent jurisdiction over offenses committed on or within a certain distance of the county line, are common, and have been upheld in many of the states, although some courts have held that they violate constitutional provisions giving the accused a right to be tried in the county where the offense is committed, insofar as they permit a prosecution in any other county.'
* * * * *
We are not unmindful that courts are much in conflict on the question before us. We have deemed it proper, however, to follow those decisions which, in our opinion, tend towards the administration of justice and which do not, like some which have been cited, obstruct it." Id., 279 P. at 284-85.
Additionally, it can be noted that the constitutional provision was not designed to establish venue but rather to preserve the right to an unbiased jury. See State ex rel. Sullivan v. Patterson, 64 Ariz. 40, 165 P.2d 309 (1946). The constitutional provision and A.R.S. § 13-109(B)(5) have as their bases preservation of different rights. Therefore, it cannot be said that appellant has carried his burden of showing beyond a reasonable doubt that the statute is unconstitutional. See New Times, Inc. v. Arizona Board of Regents, 110 Ariz. 367, 519 P.2d 169 (1974).
The judgments of conviction are affirmed. The sentences are vacated and the cause remanded to the trial court for resentencing at such time as appellant is present.
HATHAWAY and HOWARD, JJ., concur.