Melvin Charles BUCHANAN a/k/a
Melvin Paul, Appellant,

v.

The STATE of Texas, Appellee.

Nos. B14–90–00557–CR, B14–90–0554–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 1991.

Neeley Lewis, Bryan, for appellant.

Douglas Howell III, Bryan, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## MAJORITY OPINION

JUNELL, Justice.

A jury convicted appellant of the offenses of unauthorized use of a motor vehicle (Cause No. 19,086–272) and theft (Cause No. 19,087–272) and the trial court assessed punishment at ten years in each cause, sentences to run concurrently, in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings two points of error alleging: (1) the trial court erred in allowing the jury to submit written questions which were propounded to the witnesses, allowing the jurors to become advocates rather than impartial finders of fact; and (2) insufficient evidence to support the conviction. We affirm.

■ In his first point of error appellant contends that the trial court erred in allowing the jury to formulate questions which the judge propounded to the specific witness. Appellant asserts that such a practice allows the jurors to become advocates rather than finders of fact. We disagree.

In this instance, the trial court, after a witness had been questioned by the prosecution and defense attorneys, asked the jurors if they had any questions to ask the witnesses. The trial judge had the jurors write down their questions on paper. The jury then retired to the jury room. Outside the jury's presence, the trial judge read the questions and allowed the attorneys to pose any objections, e.g. hearsay, relevancy, etc. The only objection made was made by appellant's trial counsel: he objected to the entire process. This objection was overruled. The jury then returned to the courtroom where the judge asked the witness the question(s) tendered. When the trial judge completed the questions, he allowed the attorneys to ask follow-up questions before the witness was excused.

The issue of jurors questioning witnesses appears to be a rather unexplored one in Texas. However, the case law of other states is replete with information concerning the issue. *See, e.g., State v. Lemaster,* 137 Ariz. 159, 669 P.2d 592, 598 (App.1983); *Nelson v. State,* 257 Ark. 1, 513 S.W.2d 496, 498 (1974); *Ferrara v. State,* 101 So.2d 797, 801 (Fla.1958); *Sparks v. Daniel,* 343 S.W.2d 661, 667 (Mo.App.1961); *People v. Knapper,* 230 A.D. 487, 245 N.Y.S. 245, 251 (1930); *State v. Kendall,* 143 N.C. 659, 57 S.E. 340, 341 (1907); *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn. Crim.App.1978); *State v. Johnson,* 784 P.2d 1135, 1144–1145 (Utah 1989). These states hold the general rule is that it is within the discretion of the trial court whether to allow jurors to ask questions of witnesses. Such a rule is consistent with the rules in Texas governing the mode and order of interrogation of witnesses and presentation of evidence.

TEX.R.CRIM.EVID. 610(a) states, in pertinent part:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth.

■ Thus, in Texas, the trial court has the task of controlling the mode of questioning witnesses. Nowhere in the rules is it stated that the jury is forbidden to ask questions of the witnesses. In fact, the Texas Court of Criminal Appeals, when presented with the question nearly twenty years ago, did not denounce the idea when given the opportunity. *Carr v. State,* 475 S.W.2d 755, 757 (Tex.Crim.App.1972). Though the Court of Criminal Appeals in *Carr* stated that appellant had presented a multifarious ground of error and presented nothing for review, the court went on and discussed the fact that a juror or jurors had been permitted to ask questions of a witness. *Id.* Carr, acting pro se, failed to object to the procedure and the court stated that it was impossible to see how the defendant was harmed. *Id.* The court could have condemned the entire procedure regarding jurors questioning witnesses. It chose not to do so. We find this telling.

While here, appellant's counsel did object, it is still impossible to find that the procedure harmed the appellant in any way. He seems to argue that the jury asked questions which helped the prosecution build its case. Is he then arguing that if the jury asked questions which seemed to harm the state's case or help his there would be no problem? The questions asked in this case were not especially dangerous or helpful to either side. Considering the procedural safeguards provided by the trial court in the manner of the questioning we fail to see any abuse of discretion on the part of the trial court.

As stated by the Fifth Circuit:

There is nothing improper about the practice of allowing occasional questions from jurors to be asked of witnesses. If a juror is unclear as to a point in the proof, it makes good common sense to allow a question to be asked about it. If nothing else, the question should alert trial counsel that a particular factual issue may need more extensive development. Trials exist to develop the truth.

*United States v. Callahan,* 588 F.2d 1078, 1086 (5th Cir.), *cert. denied,* 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979). The reasoning of the Fifth Circuit is sound. The days of trial by ambush are long past. In this case, appellant was afforded great procedural protection in the manner in which the questioning was conducted. The trial court required the jurors to write down the questions and then retired them to the jury room to give the attorneys the opportunity to object to the questions. Only then did the trial court return the jury and ask the questions propounded by the jurors. The court also permitted each attorney to ask questions of each witness after the jurors' questions were asked. The questioning was not overly extensive and did not consume an inordinate amount of time. With these procedural protections, there was no harm and no reversible error. Appellant's first point of error is overruled.

■ In his second point of error the appellant alleges that the evidence is insufficient to sustain his conviction. Specifically, appellant contends that the evidence failed to show that his use of the motor vehicle in question was without the effective consent of the owner.

Appellant was charged under TEX.PENAL CODE ANN. § 1.07(a)(9) and § 31.07 which provides: "a person commits an offense if he intentionally or knowingly operates another's motor-propelled vehicle without the effective consent of the owner." "Effective consent" is defined as assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. TEX.PENAL CODE ANN. § 31.01(4). Appellant argues that the evidence was insufficient to prove lack of effective consent in that the only testimony on lack of consent came from Eula Mae Bassett, the mother of the owner of the stolen motor vehicle, a Honda motorcycle.

In reviewing challenges to the sufficiency of the evidence to support a conviction we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989) (reconfirming the *Jackson* standard of review).

Mrs. Bassett testified that her son, Wayne Bassett, was the owner of the motorcycle in question. She stated that her son works in Houston and that he kept his motorcycle at her house in Bryan, Texas. Mrs. Bassett noticed that the motorcycle was missing from the place where it was kept and called her son to tell him. The testimony showed that the motorcycle was reported stolen by the owner, Mr. Wayne Bassett. Mrs. Bassett testified that while she knew the appellant, she had never given him permission to take the motorcycle, nor had her son made her aware that he had given the appellant such permission.

The prosecution also called Officer Dan Jones. Officer Jones was working undercover in July 1989 in a sting operation to purchase stolen property in order to identify those stealing the property, and the

subsequent disposition of the stolen property. Officer Jones testified that during the operation, which was videotaped, the appellant and another man entered the "shop" and offered to sell Officer Jones a motorcycle. The motorcycle, a Honda, was brought to the "shop" by the appellant approximately thirty minutes later and had no ignition key. The officer testified that there were loose wires around the ignition. The other man with the appellant told Officer Jones when the motorcycle had been taken: the same day that Mr. Bassett's motorcycle disappeared.

Finally, the vehicle identification number (VIN) of the Honda motorcycle sold to Officer Jones matched the VIN of the Honda motorcycle owned by and taken from Wayne Basset.[1]

Viewing this evidence in the light most favorable to the verdict, a rational trier of fact could have found, beyond a reasonable doubt, that the appellant had taken the motorcycle belonging to Wayne Bassett without effective consent from Mr. Bassett or his mother. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I record my respectful dissent. I would sustain appellant's first point of error because I believe the trial judge erred in allowing members of the jury to submit written questions which were propounded to the witnesses. The procedure allows the jurors to become advocates rather than impartial finders of fact.

An accused has the right to a trial by a fair and impartial jury. Article 36.13 of the Code of Criminal Procedure provides that "the jury is the exclusive judge of the facts ..." TEX.CODE CRIM.PROC. art. 36.13 (Vernon 1981). Further the burden is on *the State* to introduce evidence sufficient to prove appellant's guilt beyond a reasonable doubt. (emphasis added). TEX.CODE

CRIM.PROC. art. 38.03 (Vernon Supp.1991). Finally Article 38.04 of the Code of Criminal Procedure recognizes that "the jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony ..." TEX.CODE CRIM.PROC. art. 38.04 (Vernon 1979).

In every criminal trial under both Federal constitutional grounds and State law, the prosecution (The State) has the burden of proof beyond a reasonable doubt on each element of the offenses and all persons are presumed to be innocent. *Homan v. State*, 662 S.W.2d 372 (Tex.Crim.App.1984).

In the instant case, during the guilt stage of the trial, the trial court permitted the jurors the opportunity to question the witnesses. The process the Court used was to inquire at the end of a particular witness's testimony if the panel had any questions. On three separate occasions with three different witnesses, the jurors advised the Court that they had a question. They were then instructed to write the questions on material provided by the Court. The panel was then excused to the jury room and the questions were read, at which time the Court inquired as to any objections from either attorney. Appellant's counsel objected to this practice and was granted a running or continuing objection to preserve his error. The objection was overruled by the Court. The questions were then propounded by the Court in front of the jury and the witness was instructed to answer. Finally, the Court allowed the attorneys to ask any follow-up questions before the witness was excused. The first questions were propounded to State's witness, Bruce Edward Lyle and consisted of three questions: (1) "How is he identifying the motor from the picture? Were there identifying marking?"; (2) "Was the boat motor stolen from his house or Bryan Marine? Did he take the boat and trailer home to make the trailer street legal?"; (3) "What was the value of the motor?" The next set of questions were propounded to Officer Dan Jones and con-

---

**1.** The testimony concerning the VINs actually showed that the two numbers differed by one digit. However, the difference was explained as a typographical error made by a secretary.

sisted of the following: (1) "What was the serial number of the motor cycle purchased at the shop?"; (2) "I am misunderstanding what police report has been reviewed by Officer Jones. Is the report the one reporting the motorcycle stolen or the one regarding the motorcycle's purchase?"; (3) "What is the serial number of the motorcycle that was reported missing?"; (4) "Are the ID numbers on the police report and the ID numbers on the owner's certificate different?" Finally, appellant's witness, Christopher James Green, was asked: (1) "Was the phone booth that Eric used across the street from his house or the place the motor was sold?"; (2) "Kon Tiki Lounge is on the other side of Texas Avenue than what Chris Green is saying. He would have to cross Texas Avenue to go to the west side of town. Am I mistaken?"; (3) After the three, Chris, Eric, and Melvin left what did Melvin say to the other two regarding the motor being stolen? Did Melvin confront the other two after they had sold the motor?" After the jury submitted written questions, appellant renewed his objection to the procedure.

Appellant is entitled to be tried by a fair and impartial body who is charged with the duty to be the exclusive judge of the facts proved and of the weight to be given to the testimony. The procedure utilized by the trial court has completely undermined that duty and puts the jury in the untenable position of being an advocate. To allow the jury to propound questions to the witnesses relieves the State of its burden to introduce evidence sufficient to prove the appellant's guilt beyond a reasonable doubt.

Further, the trial court in its charge instructed the jury in both cases in the following language:

> In all criminal cases, the burden of proof is on the State. All persons are presumed to be innocent and no person may be convicted unless each element of the offense is proved beyond a reasonable doubt. Therefore, if you find the State has failed to prove each element of the offense beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "not guilty."

The procedure the trial court used allowed the jurors to clear up any doubt they may have had by listing a question for each witness to answer. This lessens the State's burden to prove its case beyond a reasonable doubt and in my opinion is reversible error.

Appellant has been harmed by the procedure utilized by the trial court. The questions directed to Mr. Lyles, in effect, put in evidence the value of the boat motor which was essential to the theft charge. Also, the identification of the boat motor was elicited from the witness even though the State did not inquire as to how he knew it was his boat motor from the picture identified as State's Exhibit No. 2. The State then failed to match the serial numbers on the motorcycle missing and the motorcycle purchased at the shop. This was propounded to Officer Dan Jones by the jury not the State. The questions posed to Christopher James Green sought to impeach the witness which is clearly not within the province of the duties of the jury. I find that the trial court erred in allowing the jury to submit written questions which were propounded to the witnesses allowing the jurors to become advocates rather than impartial factfinders and I would sustain appellant's first point of error and reverse the District Court's judgment and order a new trial.