NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

WILLIAM BRYCE BRENNAN, *Appellant.*

No. 1 CA-CR 15-0494
FILED 6-16-2016

---

Appeal from the Superior Court in Maricopa County
No. CR2011-107328-001
The Honorable Annielaurie Van Wie, Judge Pro Tem

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

By Janelle A. McEachern, Chandler
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

---

**G E M M I L L**, Judge:

¶1	William Bryce Brennan appeals his conviction and sentence for forgery.  Brennan's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Brennan was afforded the opportunity to file a *pro se* supplemental brief but did not do so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2	"We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions."  *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).

¶3	On the night of August 30, 2010, J.M. met with William Bryce Brennan, known to her as "Bryce."  J.M. agreed to let Brennan stay at her house that night, and left Brennan at her home the following day.  Brennan stayed an additional night and left the next day.

¶4	On September 12, 2010, J.M. checked her Wells Fargo online bank account and discovered a cashed check written to Brennan for $100.00.  The check was not in her handwriting and did not bear her signature.  J.M. testified that she had never written a check to Brennan.  She determined the check was removed from the middle of her checkbook and called the police.

¶5	On September 20, 2010, Sergeant J.L. of the Arizona State University Police Department spoke to Brennan over the phone.  When questioned about the forged check, Brennan said "I did it," and agreed to submit to an interview.  On October 19, 2010, Sergeant J.L. met Brennan in Maricopa County and escorted him to an interview room, where he read Brennan his *Miranda* warnings.

¶6	During the interview, Brennan stated he pulled the check from the middle of J.M.'s checkbook, wrote his name on the check, filled out the dollar amount, and directed a co-worker at Walmart to sign it.  Sergeant J.L. testified the Walmart was located in Maricopa County and that contact with the Walmart manager revealed there was no one employed there by the name Brennan gave him.  Brennan was later charged with one count of forgery.

**¶7**        Brennan was tried *in absentia*.  The State used Brennan's booking photo to identify him as the perpetrator.  An eight-member jury convicted Brennan of forgery and found three aggravating factors: (1) Brennan was on probation when he committed the offense, (2) he had a prior felony conviction, and (3) he committed the offense for pecuniary gain.

**¶8**        Brennan was present at sentencing and had an opportunity to speak.  He was sentenced to a presumptive term of 4.5 years and received 198 days of presentence incarceration credit.

**¶9**        Brennan timely appeals.  This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

**¶10**        The record reflects Brennan received a fair trial.  He was represented by counsel at all stages of the proceedings against him and the jury verdict is supported by substantial evidence.

**¶11**        We have examined the record regarding Brennan's absence and we find no error by the trial court in proceeding *in absentia*.  Although Brennan was not present for trial, the court may infer a defendant's absence was voluntary and try the defendant *in absentia* in accordance with Arizona Rule of Criminal Procedure ("Rule") 9.1. *See State v. LeMaster*, 137 Ariz. 159, 162-163 (App. 1983) (holding the trial court did not err in inferring defendant's absence at trial was voluntary when the defendant was advised of the terms and conditions of his release, was informed trial would proceed if he failed to appear, was advised of the trial date, and had not informed his counsel on his whereabouts).  Brennan signed a release order that established the terms of his release, confirmed his right to be present at the proceedings, and warned him the court could proceed with trial *in absentia* if he failed to appear.

**¶12**        Brennan was present at a trial management conference when the trial court set the final trial management conference (FTMC) and the initial trial date.  He did not appear at the FTMC, and a failure to appear bench warrant was issued for his arrest and affirmed thereafter as trial was briefly postponed.  Brennan did not appear for trial.  Although the record does not reveal whether Brennan had notice of the continued trial date, the court did not err, on this record, in proceeding to try Brennan *in absentia*.

*See State ex rel. Romley v. Superior Court*, 183 Ariz. 139, 144-145 (App. 1995) (holding an escaped defendant who did not contact his attorney could be found voluntarily absent, even when he did not have notice of the continued trial date). Further, the preliminary and final jury instructions emphasized that Brennan's absence was not to be considered by the jury as evidence in the case. No reversible error occurred by trial *in absentia*.

## CONCLUSION

¶13 We have reviewed the entire record for reversible error and find none, and we therefore affirm the conviction and resulting sentence. *See Leon*, 104 Ariz. at 300.

¶14 After the filing of this decision, defense counsel's obligations pertaining to Brennan's representation in this appeal have ended. Defense counsel need do no more than inform Brennan of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Brennan has 30 days from the date of this decision to proceed, if he wishes, with a *pro se* motion for reconsideration. Brennan also has 30 days from the date of this decision to proceed, if he prefers, with a *pro se* petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA