NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GUIDO JESUS PUCCINI, *Appellant.*

No. 1 CA-CR 15-0238
FILED 12-24-2015

Appeal from the Superior Court in Maricopa County
No.  CR 1992-092552
The Honorable Teresa A. Sanders, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

---

**G O U L D**, Judge:

**¶1**        Guido Jesus Puccini ("Defendant") appeals from his conviction and sentence for one count kidnapping and one count attempted sexual conduct with a minor.  Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

**¶2**        Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1]  Finding no reversible error, we affirm.

**Facts and Procedural History[2]**

**¶3**        In September, 1992, Defendant walked into the kitchen where the nine-year-old Victim was washing dishes.  After threatening to take her to Argentina where she would never see her mother again, Defendant removed her clothes, covered her mouth, and attempted to insert his penis into her vagina.  At that moment, Victim's mother walked into the kitchen

---

[1]        Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]        We view the evidence in the light most favorable to sustaining the convictions and resulting sentences.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

and saw Defendant attempting to rape Victim. Mother confronted Defendant. He left the home, and Mother called the police to report the crime.

¶4 The officer investigating the crime interviewed both Victim's mother and her aunt. Mother described what she witnessed when she walked into the kitchen and found Defendant with Victim. The aunt stated that Victim had told her about the attempted rape the night after the incident. The details Victim provided to her aunt fully corroborated Mother's statement to the police.

¶5 Victim was interviewed by Detective M., of the Mesa Police Department, and Dr. DeHaven, a medical doctor who conducted her examination. In both interviews, Victim disclosed that Defendant had attempted to molest her and had been doing so for the last few months.

¶6 Detective M. also interviewed Defendant, and, after advising him of his Miranda rights, Defendant confessed to both the attempted rape, and other sexual conduct he had committed against Victim over the past few months. Defendant was arrested and later released. Defendant's release order advised him he had the right to be present at his trial, and that if he failed to appear at trial, the trial would proceed in his absence. Defendant was present at his pretrial conference where the court affirmed his December 16, 1992 trial date.

¶7 Defendant failed to appear for his December 16, 1992 trial, and a bench warrant was issued for his arrest. The State requested, and was granted, a trial in absentia. At the start of the trial, prior to jury selection, the Court conducted a voluntariness hearing and concluded the statements made by Defendant to the police were voluntary.

¶8 At the end of the State's case, the Court granted defense counsel's motion for judgment of acquittal on count 4, child molestation. The jury returned verdicts of guilty on count 1, kidnapping, and count 2, attempted sexual conduct with a minor. Defendant was found not guilty of count 3, child molestation.

¶9 Defendant remained on bench warrant status until he was arrested in late 2014 in Florida. Defendant was taken into custody by the Arizona authorities and booked into jail on January 14, 2015.

¶10 On March 23, 2015, the court sentenced Defendant to 12 years in prison, the minimum term, for count 1, kidnapping, and awarded Defendant 84 days' credit for time served. As for count 2, attempted sexual

conduct with a minor, the court sentenced Defendant to a term of lifetime probation, to be served consecutively to his prison term on count 1. Defendant filed a timely Notice of Appeal.

**¶11**      In May 2015, the court reporter responsible for transcribing Defendant's trial informed this court she had destroyed her notes of trial proceedings held on February 3, February 4, February 8, and February 9, 1993. We ordered a stay of the appeal and remanded the case to the superior court to reconstruct the record. The superior court complied, and issued a minute entry reflecting its reconstruction of the record.

**Discussion**

**¶12**      We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Defendant was represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

**¶13**      We find no error regarding Defendant's trial in absentia. A defendant has a due process right to be present at all criminal proceedings, including trial; however, he may waive that right by voluntarily failing to appear. *State v. Holm*, 195 Ariz. 42, 43 ¶ 2 (App. 1998); Ariz. R. Crim. P. 9.1. A court may infer a defendant voluntarily waived his presence at trial if he had personal notice of (1) the date and time of trial, (2) his right to be present, and (3) a warning the trial will go forward in his absence should he fail to appear. Ariz. R. Crim. P. 9.1; *State v. Sainz*, 186 Ariz. 470, 477-78 (App. 1996). For the purpose of showing a voluntary waiver, a statement in a release order signed by a defendant advising him as to his right to be present and warning him trial will proceed in his absence is sufficient. *State v. Pena*, 25 Ariz. App. 80, 81 (1975).

**¶14**      Here, Defendant signed a release order advising him of his right to be present at trial and warning him that should he fail to appear trial would go forward in his absence. Defendant was advised in person about his trial date. While the trial was later continued, there is no evidence in the record available to us that Defendant tried to contact his attorney about his trial date or that his absence from the state was involuntary. *See State ex rel. Romley v. Superior Court*, 183 Ariz. 139, 144-45 (App. 1995) (holding a defendant may voluntarily absent himself from trial even

without actual notice of a continued trial date). Indeed, the record reflects that Defendant failed to appear at trial, absconded to Florida and remained at large for over 20 years. Accordingly, Defendant waived his right to attend his trial. *State v. Davis*, 108 Ariz. 335, 336 (1972).

**¶15** Additionally, we note that the absence of the trial transcripts in this case does not constitute reversible error. Defendant has not raised claim of error in this case, and the record available to us, including the minute entries of the trial, indicates the trial was properly conducted in accordance with the law and the Rules of Criminal Procedure. Absent some showing to the contrary, we will presume the missing portions of the record support Defendant's convictions and sentences. *State v. Zuck,* 134 Ariz. 509, 513 (1982). This is particularly the case when the lengthy period of time between Defendant's trial and appeal leading to the unavailability of the trial transcript is the result of Defendant's unlawfully absconding and remaining a fugitive for over twenty years. *See People v. Iacopelli,* 367 N.W.2d 837, 838 (Mich.Ct.App. 1985) (holding defendant not entitled to new trial where trial transcripts were lost and could not be reconstructed because he was fugitive for nine years); *Bellows v. State,* 871 P.2d 340, 343 (Nev. 1994) ("Because appellant's absence led to the loss of his trial transcripts, he may not benefit from his attempt to elude the law.")

**¶16** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama