NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DEJON NEAVELL COLLINS, *Appellant*.

No. 1 CA-CR 17-0329
FILED 6-19-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-120469-001 DT
The Honorable John Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By W. Scott Simon
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James P. Beene joined.

---

**C R U Z**, Presiding Judge:

¶1         Dejon Neavell Collins challenges his conviction on the grounds that, although he voluntarily chose to absent himself from the trial, the court's proceeding with the verdict and aggravation phase in his absence was in violation of his right to be present at trial.  For the following reasons, we affirm Collins' conviction and sentence.

**FACTUAL AND PROCEDURAL HISTORY**

¶2         On April 29, 2016, T.M. contacted police regarding a disturbance at her apartment complex.  T.M. reported seeing a man, later identified as Collins, and a woman arguing and told police that the man had retrieved a gun from his car.  Officers arrived and discovered Collins in the apartment parking lot.  As they approached, officers witnessed Collins reach under his car. Officers ordered Collins away from the car and found a handgun underneath.  Collins admitted he was on parole and was not permitted to possess a firearm.  The State indicted Collins on one count of misconduct involving weapons as a prohibited possessor, a Class 4 felony.

¶3         In June and July 2016, the State alleged historical priors and aggravating factors.  In March 2017, Collins, released on bond, failed to appear for the final trial management conference and a bench warrant was issued.  The court found Collins voluntarily absented himself and later proceeded with trial in absentia.  Collins was arrested mid-trial and appeared before the court to waive his presence for the remaining trial proceedings.  Upon advisement of his rights, Collins waived his presence. Trial continued in his absence and the jury convicted him of misconduct involving weapons as a prohibited possessor.

¶4         The court then proceeded with the aggravation phase to consider whether Collins possessed the firearm with the intent to promote, further, or assist criminal conduct by a criminal street gang.  After

testimony, the jury found the aggravating circumstance proven, and the court sentenced Collins to a mitigated term of 13 years' imprisonment.

**¶5**        Collins timely appealed his conviction and sentence. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶6**        Collins argues that while he waived his presence for the guilt phase of trial, the court erred in finding he had waived his presence during aggravation and the reading of the verdict.

**¶7**        Collins failed to present this issue to the superior court, and thus we review his claim for fundamental error. To prevail, the defendant must show error, and establish that the nature of the error goes to the foundation of the case, takes away a right essential to his defense, and is of such magnitude that he could not have received a fair trial. *State v. Dalton*, 241 Ariz. 182, 185-86, ¶¶ 11-12 (2016).

**¶8**        In Arizona, a defendant has the right to be present at every stage of trial, from the impaneling of the jury through the return of the verdict. Ariz. R. Crim. P. 19.2. This right is protected under the Sixth Amendment and Article 2, Section 24, of the Arizona Constitution, *State v. Schackart*, 190 Ariz. 238, 255 (1997), as well as the due process clauses of the Fifth and Fourteenth Amendments, *State v. Levato*, 186 Ariz. 441, 443 (1996). The defendant's right relates to the proceedings that bear a reasonably substantial relation to the fullness of his defense. *Schackart*, 190 Ariz. at 255; *United States v. Gagnon*, 470 U.S. 522, 526 (1985). However, a defendant may voluntarily waive his right to be present. *State v. Dann*, 205 Ariz. 557, 571-72, ¶¶ 53-56 (2003).

**¶9**        Collins argues he did not voluntarily waive his right to be present because the court's colloquy was inadequate and he was not fully informed of his rights. We find this argument unpersuasive, as the record reflects Collins' clear intention to waive his presence.

**¶10**       After his initial arrest, Collins signed a release order advising him that trial could proceed in his absence, entered a plea of not guilty, secured his release through surety bond, and then absconded, thus voluntarily waiving his presence at trial. *See State v. Pena*, 25 Ariz. App. 80, 80-81 (1975) (stating that, for the purpose of showing a voluntary waiver, a statement in a release order signed by a defendant advising him as to his

right to be present and warning him trial will proceed in his absence is sufficient). Upon his arrest mid-trial, Collins, through counsel, notified the court that he did not wish to attend the remainder of trial. Upon the court's advisement of his constitutional right to be present and discussion with counsel, Collins voluntarily and knowingly waived his right to be present during his trial. Neither Collins nor his counsel asked for a qualified waiver of his absence to allow him to be present during the aggravation phase or the reading of the verdict. Further, Collins did not object to his absence at trial during sentencing one month later, indicating he intended his waiver to include all stages of trial.

¶11 Collins argues he only waived his presence for the guilt phase of trial, not for the aggravation stage or reading the verdict, and that he was never informed those portions of the trial could proceed in his absence.[1] This argument is equally unpersuasive. First, Collins acknowledged counsel advised him of his rights. Second, Collins had considerable experience with the criminal justice system based on his two prior felony convictions, and cannot contest on appeal that he was uninformed of the potential for the jury to return a guilty verdict. *See State v. Rigsby*, 160 Ariz. 178, 182 (1989) (holding defendant's considerable experience with the criminal justice system supported the finding that his waiver was voluntary). Third, the State alleged the aggravating circumstances in June and July 2016, several months prior to trial, and Collins has not alleged that his counsel failed to advise him of the aggravating circumstances and possibility that the jury would find him guilty thereby proceeding to aggravation.

¶12 Because we hold that Collins voluntarily waived his right to be present at trial we find no error. We therefore do not need to address whether prejudice resulted, but note that Collins' counsel cross-examined witnesses and advocated on his behalf during the aggravation phase at trial and at sentencing, and further note that Collins has failed to show how his

---

[1] Collins cites *Blakely v. Washington*, 542 U.S. 296, 313-14 (2004), and *State v. Ward*, 211 Ariz. 158, 162, ¶ 13 (App. 2005), to support his claim the court's colloquy was inadequate and that he did not waive his presence for the aggravation phase. Both cases cited discuss the invalid waiver of defendant's right to have a jury determine aggravating circumstances, which is not at issue in this case. The court did not find Collins waived his right to have a jury determine aggravating circumstances, rather just that Collins waived his presence at the aggravation proceeding; a right bearing less relation to the fullness of his defense.

absence from the aggravation phase and reading of the verdict deprived him of a fair trial.

## CONCLUSION

**¶13** For the foregoing reasons, we affirm Collins' conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA