NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

TAIJ TREYTON JONES, *Appellant*.

No. 1 CA-CR 20-0253
FILED 4-15-2021

---

Appeal from the Superior Court in Maricopa County
No. CR2019-104905-001
The Honorable Warren J. Granville, Judge, *Retired*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the Court, in which Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**G A S S**, Judge:

¶1 Taij Treyton Jones appeals his conviction for trafficking in stolen property in the second degree. Jones argues the superior court erred in finding he voluntarily absented himself from the final day of trial. Finding no abuse of discretion, we affirm Jones's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2 This court reviews the facts in the light most favorable to sustaining the jury's verdict, resolving all reasonable inferences against Jones. *See State v. Felix*, 237 Ariz. 280, 283, ¶ 2 (App. 2015).

¶3 Jones tried to sell two stolen guitars online and discussed the terms with potential buyers. Police arrested Jones and found the stolen guitars in his apartment. Jones admitted he knew the guitars were stolen, saying he regularly sold stolen items for a profit.

¶4 The State charged Jones with one count trafficking in stolen property in the second degree, a class 3 felony. *See* A.R.S. § 13-2307.A, .C. Upon Jones's release pending trial, he signed a release order advising him of his right to be present at all proceedings and warning him the proceedings could take place in his absence. The superior court repeated this warning at later pretrial conferences. Even so, Jones failed to appear on multiple occasions leading up to trial.

¶5 At the final pretrial conference, the superior court announced the time and place of trial and specifically told Jones—who was present—the State "can try the case without you." Jones did not appear for his trial assignment or the first two days of trial. Defense counsel avowed Jones understood the importance of attending trial and had not responded to counsel's attempts to make contact. The superior court issued a bench warrant for Jones's arrest. The trial proceeded for two days in Jones's absence and then broke for several days.

¶6   During the break, authorities arrested Jones on the bench warrant and other, unrelated charges. Jones signed a second release order warning him all "proceedings may go forward in [his] absence." The release order did not reference the status of Jones's on-going trial. When trial resumed, detention officers said Jones refused to be transported from the county jail. The officers avowed they notified him of the court appearance, but Jones "refused and stated that his paperwork does not say he has court today." Defense counsel indicated he had not communicated with Jones and could not confirm his desire to absent himself from trial.

¶7   Though the superior court acknowledged it had not ordered transportation by "any means reasonable," it noted Jones failed to appear for the first two days of trial and had received notice from detention officers of that day's court appearance. Accordingly, the superior court found Jones voluntarily waived his right to be present for trial. Defense counsel then rested without calling witnesses, saying he did so only because Jones was not present.

¶8   The jury convicted Jones as charged. Jones appeared at sentencing and did not indicate his absence from trial, at any stage, was involuntary. The superior court sentenced Jones to a less-than-minimum term of eight years' imprisonment. *See* A.R.S. § 13-703.C, .J. Jones timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031, 13-4033.A.1.

## ANALYSIS

¶9   Jones does not raise any challenges about his absence for the first two days of trial. Instead, Jones focuses on his absence on the final day of trial, arguing the superior court erred in finding he voluntarily absented himself that day.

¶10   This court reviews a finding of voluntary absence for an abuse of discretion. *State v. Bishop*, 139 Ariz. 567, 569 (1984). A defendant's "right to be present at trial is protected both by the Sixth Amendment to the federal constitution as incorporated and applied to the states through the Fourteenth Amendment, and by article II, section 24 of the Arizona Constitution." *State v. Levato*, 186 Ariz. 441, 443 (1996) (citation omitted). The right to attend trial, however, may be waived. *State v. Garcia-Contreras*, 191 Ariz. 144, 147, ¶ 9 (1998).

¶11   Arizona Rule of Criminal Procedure 9.1 allows the superior court to infer a defendant's absence is voluntary if the defendant had "personal notice of (1) the time of the proceeding, (2) the right to be present

at it, and (3) a warning that the proceeding would go forward in his or her absence." *State v. Sainz*, 186 Ariz. 470, 472 (App. 1996). A signed release order advising a defendant of both the right to be present at trial and the possibility trial will proceed in the defendant's absence is sufficient to demonstrate voluntary waiver. *State v. Pena*, 25 Ariz. App. 80, 80–81 (1975).

¶12 Here, the superior court provided Jones adequate notice of the trial date and location, along with numerous warnings the trial would proceed in his absence. Jones signed a release order acknowledging that warning. Defense counsel avowed Jones understood the importance of appearing on the scheduled trial date. In short, Jones knew his trial date and voluntary chose to waive his right to attend. *See* Ariz. R. Crim. P. 9.1; *Sainz*, 186 Ariz. at 472.

¶13 To the extent Jones claims the second release order invalidated notice of the pending trial, we disagree. Though the second release order did not reference Jones's on-going trial, the order referred to the superior court's issuance of a bench warrant on the date Jones knew his trial would commence. Moreover, the second release order contained the same warning as the first release order. Having twice acknowledged the consequences of not attending trial, Jones still refused to be transported when detention officers told him of his court appearance. On this record, we find no abuse of discretion in the superior court's determination Jones's absence from trial was voluntary. *See Bishop*, 139 Ariz. at 569.

## CONCLUSION

¶14 We affirm Jones's conviction and resulting sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA